

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| JIMMY HALL, | § | |
|     Movant, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 7:09-70097-HFF |
| | § | CRIMINAL NO.     7:07-294-HFF |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## ORDER

### I.     INTRODUCTION

This is a 28 U.S.C. § 2255 action. Movant is proceeding pro se.

The Court is required to construe pro se complaints and petitions liberally. Such pro se complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint or petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (noting that allegations in prisoner complaints are held to less stringent standards than those prepared by lawyers); and *Erickson v. Pardus*, 127 S. Ct. 2197, 2200, 167 L. Ed. 1081, 1086 (2007) (noting pro se documents are to be liberally construed). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in this federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir.

1990) ("The 'special judicial solicitude' with which a district court should view pro se complaints does not transform the court into an advocate.").

Pending before the Court are Movant's § 2255 motion to vacate his sentence, Respondent's motion for summary judgment, and Movant's cross motion for summary judgment. Having carefully considered the motions, the responses, the reply, the record, and the applicable law, it is the judgment of this Court that Movant's motion to vacate and his motion for summary judgment will be denied and Respondent's motion for summary judgment will be granted.

## II. FACTUAL AND PROCEDURAL HISTORY

**March 14, 2007**–A Grand Jury for the District of South Carolina filed a three count Indictment with the United States Clerk of Court. The Indictment charges the following:

### COUNT 1

> That beginning at a time unknown to the Grand Jury, but beginning at least on or about August 1,2000, and continuing thereafter, up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendants, **FNU LNU, a/k/a "Little Joe," SCOTT MOSLEY, CHARLES REED, a/k/a "Milton Dixon," ERIC JENKINS, MARCUS CHAMBERLAIN, ANTHONY WILKINS, KENNETH HOWARD, ELIZANDRO MARTELL-PONCE, a/k/a "Alex," PIERRE GENTRY, NATHANIEL HARRIS, [MOVANT], DERRICK SIMMONS, ERIC JONES, LONDON ANDERSON, JERRY SIMPSON, DANIEL GREGORY, DALLAS SAMUEL, TRAVIS WILSON, TRAVIS KENNEDY and LACARLA DAVIS**, knowingly and intentionally did combine, conspire and agree together and have tacit understanding with each other and others, known and unknown to the Grand Jury, to knowingly, intentionally and unlawfully possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base (commonly known as "crack" cocaine), Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A);
> All in violation of Title 21, United States Code, Section 846.

[Counts against other defendants omitted]

# FORFEITURE

1. DRUG-TRAFFICKING OFFENSES
A. Upon conviction for one or more violations of Title 21, United States Code, Sections 846, 841(a)(1), and 856, as charged in Counts 1-3 of this Indictment, the Defendants, shall each forfeit to the United States all of the Defendant's right, title and interest in and to any property, real and personal,
   (1) constituting, or derived from any proceeds the Defendants obtained, directly or indirectly, as the result of such violations, and all property traceable thereto; and
   (2) used or intended to be used, in any manner or part, to commit or to facilitate the commission of such violations.
B. Pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), property subject to forfeiture upon conviction of the Defendants for the offenses charged in Counts 1-3 of this Indictment includes, but is not limited to, the following:
   (1) <u>Proceeds/Money Judgment</u>:
       (a) A minimum of approximately $18,000,000.00 in United States currency and all interest and proceeds traceable thereto, in that such sum in the aggregate constitutes proceeds the Defendants obtained directly or indirectly as the result of such violations of Title 21, United States Code, or used to facilitate such offenses.
2. SUBSTITUTION OF ASSETS:
A. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants,
   (1) cannot be located upon the exercise of due diligence;
   (2) has been transferred or sold to, or deposited with, a third person;
   (3) has been placed beyond the jurisdiction of the Court;
   (4) has been substantially diminished in value; or

3

> (5) has been commingled with other property which cannot be subdivided without difficulty;
>
> it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said Defendants up to an amount equivalent to the value of the above-described forfeitable property;
>
> Pursuant to Title 21, United States Code, Section 853.

(Indictment 1-2, 5-6.)

**March 19, 2007**–Movant was arraigned before Magistrate Judge William Catoe and bond was set at $25,000.

**March 20, 2007**–Attorney Thomas A.M. Boggs was appointed to represent Movant.

**May 16, 2007**–Movant was scheduled to appear before the Court for a pre-trial conference, but that hearing was continued to the October 2007 term of court.

**September 18, 2007**–Attorney Boggs' representation was terminated and Attorney Everett P. Godfrey, Jr. was appointed to represent Movant.

**November 21, 2007**–Movant appeared before the Court for a pretrial conference and a trial date was set for January 2008.

**January 7, 2008**–Movant's case was again continued.

**February, 27, 2008**–A change of plea hearing was set for Movant, but he instead indicated his intention to go to trial.

**March 18, 2008**–Movant appeared before the Court for a pretrial conference and a trial date was set for April 2008.

**April 28, 2008**–Movant appeared before the Court for another pretrial conference, and a new trial date was set.

**June 3, 2008**–Movant filed a motion to appoint new counsel.

**June 4, 2008**–The Court denied Movant's motion to appoint new counsel, and his case was continued.

**July 17, 2008**–Movant appeared before the Court and pled guilty to Count One. He also signed a plea agreement in which he agreed to plead guilty to Count One in exchange for Respondent advocating for a sentence of "time served."

**January 21, 2009**–Movant was sentenced by the Court to time served and three years of supervised release.

**February 10, 2009**–The Court entered judgment on Movant's sentence.

**September 25, 2009**–Movant filed the present motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

**October 14, 2009**–Respondent filed its response to Movant's motion along with a motion for summary judgment.

**November 12, 2009**–Movant filed a reply to Respondent's response along with a cross motion for summary judgment on his § 2255 motion.

## III.  CONTENTIONS OF THE PARTIES

Movant asserts three grounds for relief in his motion to vacate. First, he challenges the Court's jurisdiction on the basis of alleged defects in the Indictment. He states that the "indictment does not provide me with notice nor charge me with an offense." (Mot. to Vacate 4.) More specifically, he insists that the Indictment fails to allege that he "knowingly" became a party to a conspiracy. Second, he challenges the effectiveness of his counsel, insisting that a competent attorney would not have allowed his client to plead guilty in this case. Third, he makes another

ineffective assistance of counsel argument, insisting that his attorney should have objected to an arrest warrant that was based on hearsay. Respondent moved for summary judgment as to all claims.

## IV. DISCUSSION AND ANALYSIS

### A. *Ground One: Court Lacked Jurisdiction Due to Defective Indictment*

Movant first argues that the Court lacked jurisdiction to sentence him because the Indictment was defective. Specifically, he states that the intent element of conspiracy was not charged because the Indictment failed to allege that he actually intended to achieve the object of the conspiracy. (Mot. to Vacate 4-6.) Stated differently, Movant describes the Indictment as follows:

> It just states that he and a group of people supposedly over the 5 year time span, continuously got together and said they would P.W.I.D. narcotics together, leave, and once they see each other again, make the same agreement, leave, then continue to repeat the same action over and over again. So, a literal reading of the indictment suggests that it is highly unlikely that the conspiracy was ever going to happen.

(Movant's Resp. 4.)

However, Movant misunderstands the nature of a drug conspiracy charge. In drug conspiracy cases, the crime of conspiracy is complete upon agreement of the parties to possess controlled substances with the intent to distribute those substances. *See United States v. Hall*, 551 F.3d 257, 268 n.13 (4th Cir. 2009) (setting forth essential elements of § 846 conspiracy). Contrary to Movant's suggestion, an overt act is unnecessary to prove a violation of 21 U.S.C. § 846. *See United States v. Kellam*, 568 F.3d 125, 135 n.12 (4th Cir. 2009) (noting same).

As quoted above, the Indictment alleges that Movant and others "knowingly and intentionally did combine, conspire and agree together and have tacit understanding with each other

6

and others, known and unknown to the Grand Jury, to knowingly, intentionally and unlawfully possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base. . . ." (Indictment 2.) This charge requires "(1) an agreement between two or more persons to violate federal law relating to controlled substances; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement therein; and (4) interdependence among the conspirators." *Hall*, 551 F.3d at 268 n.13. Thus, each essential element of a conspiracy is charged in the Indictment, and Movant's contrary assertion that the Indictment is defective is meritless.

Moreover, the Court agrees with Respondent that "defects in an indictment do not deprive a court of its power to adjudicate a case." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Thus, even if the Indictment were defective, Movant's argument that the Court lacked jurisdiction to sentence him would be meritless.[*]

    B.    *Ground Two: Ineffective Assistance of Counsel Regarding Probable Cause and Jurisdiction*

In support of his second argument, Movant alleges that his attorney was ineffective because "a competent lawyer wouldn't have allowed his client to plea to a charge were [sic] there was a lack of proba[b]le cause to arrest, and the trial court lacked jurisdiction to convict." (Mot. to Vacate 7.)

To successfully challenge a conviction on the basis of ineffective assistance of counsel, Movant must demonstrate (1) that his counsel's performance was deficient, and (2) that he was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls

---

[*]In his Response, Movant asserts generally that if this "flaw" in the Indictment is not jurisdictional, then it is a violation of his due process rights. (Movant's Resp. 5-6.) However, as noted above, the Indictment is not defective. Moreover, Movant fails to cite any authority to support his due process argument.

7

within the wide range of reasonable professional assistance." *Id.* at 689. With respect to the second prong, Movant must demonstrate to a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000) (citations omitted).

As an initial matter, Movant's argument that his attorney was ineffective for failing to challenge the court's jurisdiction is meritless because, as explained above, the Court possessed jurisdiction to sentence Movant. Thus, counsel's conduct was not "deficient" in this regard.

As to Movant's ineffective assistance of counsel claim based on the contention that the Indictment was not supported by probable cause, the Court notes that Movant is essentially attacking the validity of the Indictment rather than his counsel's performance. Movant is likely couching his argument in ineffective assistance of counsel terms because he is procedurally barred from directly challenging the validity of the Indictment as a result of his failure to file a direct appeal in his underlying criminal case. *See e.g.*, *United States v. Harris*, 183 F.2d 313, 315 (4th Cir. 1999) (noting that failure to raise claim on direct appeal generally leads to procedural bar). The procedural bar can be overcome if Movant demonstrates cause for failing to make the argument and prejudice therefrom. *United States v. Frady*, 456 U.S. 152, 167 (1982). Movant has failed to do this. Thus, he is procedurally barred from challenging the validity of the Indictment.

Furthermore, even when Movant's argument is considered on its merits, it lacks support. Aside from conclusory allegations, Movant fails to provide any evidence in furtherance of his claim that the Indictment was not supported by probable cause. In fact, the evidence before the Court suggests the opposite. As Respondent points out, the Indictment itself is evidence that there was probable cause to support it. *United States ex rel. Haim v. Mathues*, 19 F.2d 22, 23 (3d Cir. 1927);

8

*see also United States v. Soriano-Jarquin*, 492 F.3d 495, 502 (4th Cir. 2007) (noting probable cause may be satisfied by indictment by a grand jury). Moreover, Movant's own admissions to the Court undermine his present claim that the Indictment was not supported by probable cause:

> THE COURT: Now, to prove you guilty the government would have to prove two elements beyond a reasonable doubt: One, that the conspiracy, that is the drug conspiracy described in the indictment, was willfully formed and was existing at or about the alleged time; and secondly, you willfully became a member of the conspiracy. Do you understand those are the two elements?
> [MOVANT]: Yes, sir.
> THE COURT: And do you believe the government can prove those elements beyond a reasonable doubt?
> [MOVANT]: Yes, sir.
> . . .
> [AUSA]: May it please the court, during the time alleged in the indictment [Movant] was part of a drug distribution organization, the members of which were Pierre Gentry and those gentlemen. At trial the government would have presented evidence of [Movant's] working with that organization for the purpose of distributing crack cocaine within the upstate of South Carolina. The drugs were being brought into South Carolina and distributed both in North Carolina and South Carolina. And it all occurred within the time frame of the indictment within the District of South Carolina.
> THE COURT: All right. You've heard the government recite the material allegations against you. Do you agree with those allegations?
> [MOVANT]: Yes, sir.
> THE COURT: And do you believe the government can prove those things?
> [MOVANT]: Yes, sir.

(Plea Tr. 15-18.) Movant is bound by his previous assertions. *See United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005) ("[T]he truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements."). In light of the evidence before it, the Court finds that there was probable cause to support the Indictment, and Movant's argument that his attorney was ineffective for failing to argue the contrary is without merit.

      *C.     Ground Three: Ineffective Assistance of Counsel For Failure to Challenge the Arrest Warrant and the Indictment*

Movant's final argument is that his attorney was ineffective for failing to challenge the arrest warrant, which, Movant insists, was inappropriately based on hearsay testimony. In his reply, Movant extends this argument to the Indictment, alleging that the Indictment was similarly based on hearsay testimony.

As with his previous claim, Movant is essentially attempting to challenge the validity of his arrest warrant and the Indictment through a claim of ineffective assistance of counsel. For the reasons discussed above, Movant is procedurally barred from making these arguments. Alternatively, as discussed below, Movant's arguments also fail on the merits.

To begin, the Court agrees with Respondent that Movant has failed to provide any evidence suggesting that the Indictment or the arrest warrant were based on hearsay testimony. However, even if they were, both a magistrate judge and a grand jury may make probable cause findings based on hearsay. *See King v. Jones*, 824 F.2d 324, 326-27 (4th Cir. 1987) (noting Fourth Amendment requires probable cause determination before extended restraint of liberty but that "[t]his determination does not involve any adversarial rights, and can be based entirely on hearsay and

10

written testimony."); *United States v. Wallace*, 528 F.2d 863, 865 (4th Cir. 1976) ("[A]n indictment may be based on hearsay evidence.").

In his Response, Movant cites *Illinois v. Gates*, 462 U.S. 213 (1983), arguing that the hearsay evidence used against him was never "subjected to a totality of the circumstance test/reliability finding prior to its use." (Movant's Resp. in Opp'n 6.) *Gates* dealt with the issuance of a warrant by a magistrate judge based on a confidential informant's tip. *Gates*, 462 U.S. at 217. The Supreme Court reversed a decision of the Illinois Supreme Court, which suppressed evidence found through the use of a search warrant. *Id.* at 216-17. The Court held that the decision to issue a warrant based on a confidential informant's tip should be based on the totality of the circumstances, noting "probable cause is a fluid concept -- turning on the assessment of probabilities in particular factual contexts -- not readily, or even usefully, reduced to a neat set of legal rules." *Gates*, 462 U.S. at 232.

However, *Gates* fails to advance Movant's argument that the arrest warrant in this case was defective. Significantly, *Gates* dealt with a search warrant rather than an arrest warrant. As such, the magistrate judge in *Gates* relied on an affidavit of a confidential informant before issuing the search warrant. In this case, the arrest warrant was issued following a Grand Jury's Indictment of Movant. Fed. R. Crim. P. 9(a) provides that a "court must issue a warrant . . . for each defendant named in an indictment . . . ." Thus, the Magistrate Judge's actions in this case were largely ministerial. Because the Magistrate Judge's conduct in issuing the arrest warrant in this case was largely ministerial, there was no reason for Movant's counsel to challenge the validity of the arrest warrant. Therefore, the Court finds that counsel's failure to challenge the arrest warrant fell within the wide range of reasonable professional assistance under *Strickland*.

As to any hearsay testimony that may have been used to support the Indictment, the Court notes, again, that grand juries may rely on hearsay testimony. *See Costello v. United States*, 350 U.S. 359, 364 (1956) (holding indictment valid though based entirely on hearsay testimony); *see also United States v. Jefferson*, 546 F.3d 300, 312-13 (citing *Costello* with approval and discussing principle of grand jury independence). Thus, counsel's failure to challenge the Indictment on that basis was reasonable. In short, Movant's ineffective assistance of counsel argument as to use of hearsay testimony is without merit.

## V. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court that Movant's motion to vacate is **DENIED,** Movant's motion for summary judgment is **DENIED**, and Respondent's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 18th day of November, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.